**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 11 2002**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

DARRYL J. SMITH,

        Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA;
JANET RENO, Attorney General;
KATHLEEN HAWK, Director of the
B. O. P.; JOEL KNOWLES, Warden
of USP-Florence; TERRY
FINNEGAN, Hospital Administrator,
USP-Florence; DAVID REITER,
Assistant Hospital Administrator;
ROBERT WILLIAMS, Director of
Medical Services; T. GARCIA,
Physician Assistant; V.
HERNANDEZ, Physician Assistant;
DISTRICT OF COLUMBIA; D.C.
DEPARTMENT OF CORRECTIONS;
MARGARRETT MOORE, Director;
and VINCENT GIBBONS, Warden of
Central Facility,

        Defendants - Appellees.

No. 02-1172
D.C. No. 99-N-2107
(D. Colorado)

---

ORDER AND JUDGMENT[*]

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before **KELLY**, **McKAY**, and **MURPHY**, Circuit Judges.

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. <u>See</u> Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This is a pro se federal prisoner civil rights appeal of claims brought against fourteen federal employees under the Federal Tort Claims Act, 28 U.S.C. § 1346; <u>Bivens v. Six Unknown Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971); 42 U.S.C. § 1983; and unspecified Colorado state law. Appellant Smith was injured while incarcerated at the Lorton Correctional Institution which is under the jurisdiction of the Department of Corrections for the District of Columbia. The injury resulted in paraplegia with paralysis from the T-7 vertebrae down. While at Lorton, Mr. Smith received therapy which he alleged helped him to regain feeling to the extent that he could stand and walk with the assistance of a walker and long leg braces. When Mr. Smith was transferred to the Bureau of Prisons on November 18, 1995, the therapy stopped. Mr. Smith's condition deteriorated resulting in his need for a wheelchair. Mr. Smith further alleged that on July 23, 1997, agents of the United States confiscated his wheelchair and destroyed his long leg braces.

The magistrate judge's report recommended that Defendants' motion to

dismiss be granted because Appellant failed to exhaust his administrative remedies for his <u>Bivens</u> claim and because his FTCA claim is time-barred. After considering Appellant's objections, the district court accepted the recommendation and dismissed the case with prejudice. This appeal followed.

After a thorough review of the briefs and the record, we agree with the final disposition of the district court. Appellant failed to properly exhaust his administrative remedies for his <u>Bivens</u> claim. Appellant submitted requests to the Warden, and then he submitted new requests to the Regional Director instead of submitting appeals to the Regional Director. Appellant never appealed these requests to the Director, National Inmate Appeals.

Appellant's FTCA claim is similarly deficient. Appellant did not file his FTCA claim within six months of receiving notice of the denial of his claim by the agency (North Central Region, Kansas City, Kansas) as required by 28 U.S.C. § 2401(b).

Even though we must affirm the district court's dismissal of Appellant's complaint, we take this opportunity to note that the deprivations alleged in the complaint, if true, appear to constitute cruel and unusual punishment in violation of the Eighth Amendment. Appellant alleges that he was deprived of appropriate medical treatment and equipment and was caused to suffer wanton, prolonged, unnecessary pain. The continued deprivation of Appellant's wheelchair and leg

braces seems, to this court, to cause Appellant additional undue pain and hardship. Additionally, Appellant details many other alleged hardships on pages nine through eleven of his brief. On receipt of this Order and Judgment, were Appellant to address a new complaint to the Warden, appeal to the Regional Director, and then appeal to the Director, National Inmate Appeals, following the procedures detailed on page eight of the magistrate judge's report, he could possibly exhaust his administrative remedies and eventually bring a new <u>Bivens</u> action in the district court. Additionally, Appellant is free to file a new FTCA application with the appropriate agency and then, if denied, file his FTCA claim with the district court within six months as required by the statute.

We take no position on the merits of Appellant's complaint as further factual development would be necessary. We need not decide at this time the applicability of the continuing wrong doctrine to Appellant's FTCA claim until the issue is properly before us.

The decision of the trial court is **AFFIRMED**. Appellant's "Official Complaint" is **DENIED**. Appellant's motion to proceed without prepayment of the appellate filing fee is **GRANTED**. He must continue making partial payments on court fees and costs previously assessed until such have been paid in full.

Entered for the Court

Monroe G. McKay
Circuit Judge

-4-